PER CURIAM:
 

 Trans Union Leasing Corporation (“Trans Union”) brought this adversary proceeding in the Bankruptcy Court for the Southern District of New York, seeking to establish that it had perfected security interests in two printing presses owned by Alithochrome Corporation (“Alitho-chrome”). Trans Union had loaned Alitho-chrome the money with which it purchased the presses, and in return had taken purchase money security interests in them. The presses were installed at the plant of General Offset Printing Co., a wholly-owned subsidiary of Alithochrome, located in Springfield, Massachusetts.
 

 After a two-day bench trial, the bankruptcy court (Ryan,
 
 Judge)
 
 held that Ali-thochrome maintained a “place of business” in Springfield, Massachusetts as that term is used in Mass.U.C.C. § 9-401 (West 1982),
 
 see
 
 31 B.R. 352 (Bankr.S.D.N.Y.1983). Accordingly, the court found that Trans Union’s failure to file a U.C.C. Form 1 financing statement in the office of the Clerk of the City of Springfield rendered its security interests in the two presses unperfeeted. As a result, the security interests were voidable by Alithochrome, as a debtor-in-possession, pursuant to the “strong arm clause” of the Bankruptcy Code, 11 U.S.C. § 541 (1982).
 

 The decision of the bankruptcy court was affirmed by the United States District Court for the Southern District of New York (Stewart,
 
 Judge)
 
 in a memorandum decision and order entered on July 10, 1984, and Trans Union timely filed a notice of appeal.
 

 After a careful review of the record on appeal, we find Trans Union’s claims of error to be wholly without merit. We believe ample evidence was adduced in the Bankruptcy Court to support a finding that Alithochrome maintained a “place of business” at the plant of its subsidiary, General Offset. Accordingly, we affirm the order of the district court, essentially for the reasons set forth in its opinion, and in the thorough opinion of the bankruptcy court.
 

 Affirmed.