**ST. PAUL FIRE & MARINE INSUR-
ANCE COMPANY and Lewis Business
Forms of Puerto Rico, Inc., Plaintiffs,
Appellants,**

v.

**CAGUAS FEDERAL SAVINGS & LOAN
ASSOCIATION OF PUERTO RICO,
Defendant, Appellee.**

**No. 85–2007.**

United States Court of Appeals,
First Circuit.

July 25, 1986.

LEVIN H. CAMPBELL, Chief Judge.

### CERTIFICATION

The resolution of this case depends upon
questions of Puerto Rico law on which we
are unable to find controlling precedent
from the Puerto Rico Supreme Court. Ac-
cordingly, we certify two questions to the
Supreme Court of Puerto Rico pursuant to
its Rule 27, 4 L.P.R.A.App. I–A, 422–24.

I

Lewis Business Forms, Inc. is a Florida
corporation that maintains a small branch
office in Puerto Rico. Luis A. Ayala was
Lewis' Puerto Rico accountant. His duties
included both recording invoices and han-
dling payment. The district court found
Lewis negligent in failing to segregate
these two functions; combining them al-
lowed Ayala to create an elaborate embez-
zlement scheme which went undetected for
almost ten years. He first opened a bank
account at Caguas Federal Savings &
Loan, which had no prior relationship with
either Ayala or Lewis, under the name Luis
Ayala d/b/a Lewis Business Forms. The
sole signature on the account was Ayala's.
He then stole checks remitted to Lewis
Business Forms by customers, endorsed
them with Lewis' name, and deposited
them in the Caguas account. He later
withdrew the money at his leisure.

Ayala escaped detection through the use
of various fraudulent accounting tech-
niques. By the time his embezzlement was
discovered, he had taken $286,596 from the
firm.

Lewis' insurer, St. Paul, covered about
two-thirds of the loss. Insurer and insured
then joined in suit against Caguas, alleging
*inter alia* that, a depositary bank which
collects (for the forger) a check with a
forged endorsement is liable to the de-
frauded payee under various common law
theories.

II

We have previously considered and re-
jected several of the common law theories
that Lewis argues. See *Federal Insur-
ance Co. v. Banco de Ponce*, 751 F.2d 38
(1st Cir.1984). Lewis, however, raises an

additional point not previously decided, either by the Supreme Court of Puerto Rico or by this court. That point concerns the interpretation of Puerto Rico Civil Code, 19 L.P.R.A. § 24.

19 L.P.R.A. § 24 reads as follows:

When a signature is formed or made without the authority of the person whose signature it purports to be, it is wholly inoperative, and no right to retain the instrument, or to give a discharge therefor, or to enforce payment thereof against any party thereto can be acquired through or under such signature, unless the party against whom it is sought to enforce such right, is precluded from setting up the forgery or want of authority.

This provision is taken word for word from the Uniform Negotiable Instruments Law, applicable throughout the United States prior to the adoption of the Uniform Commercial Code.

Common law authority interpreting that section provides that a collecting bank is liable without fault to the payee of a check (such as Lewis) if the payee's endorsement has been forged (typically on a common law theory of "assumpsit" or "money had and received"). *See* cases collected in Annot., 100 A.L.R.2d 670 (1965). The common law authority is less uniform on whether a payee's prior negligence, such as a corporation's lack of proper accounting controls, is a defense to this liability, though the weight of authority appears to be that it is not. *See* cases collected in Annot., 87 A.L. R.2d 638 (1960); *R. Mars, The Contract Company v. Massanutten Bank of Strasburg*, 285 F.2d 158 (4th Cir.1960).

We are uncertain whether, or the extent to which, Puerto Rico would follow this authority. On the one hand, when Puerto Rico adopted the language of the Uniform Negotiable Instruments Law, it may also have adopted the common law remedies which implement the rights conferred by that law. On the other hand, these common law theories of recovery are foreign to the civil law, and, "in Puerto Rico the law in the field of damages is governed—both in form and in content—by the civil law system." *Valle v. American International Insurance Co.*, 108 D.P.R. 692, 8 Official Translations 735, 736 (1979).

Because we are uncertain as to whether Puerto Rico has adopted the common law rule governing liability between a payee and a collecting bank or, alternatively, as the district court held, requires a showing of negligence on the part of the bank pursuant to Article 1802 of Puerto Rico's Civil Code, 31 L.P.R.A. § 5141, we certify the following questions to the Puerto Rico Supreme Court:

1. Is a collecting bank liable without negligence to the payee of a check which bears the payee's unauthorized endorsement?

2. If so, is the payee's prior negligence a defense to such liability?

In putting the above questions, we wish to make clear that we would, of course, also welcome the advice of the court on any other question of Puerto Rican law material to this case on which it would like to comment.

The Clerk of this court will transmit these questions, along with copies of the briefs and appendix in this case to the Supreme Court of Puerto Rico.